**Linda HARRE and her husband, William Harre, Plaintiffs–Appellants,**

v.

**A.H. ROBINS COMPANY, INC., etc., and Aetna Casualty and Surety Company, etc., Defendants–Appellees.**

No. 84–3015.

United States Court of Appeals, Eleventh Circuit.

Feb. 10, 1989.

Stephen Lindsey Gorman, Sidney Mattlew, Tallahassee, Fla., for plaintiffs-appellants.

Chris W. Altenbernd, Tampa, Fla., Barbara J. Paulson, San Francisco, Cal., James A. Pardo, Jr., King & Spalding, Griffin B. Bell, Atlanta, Ga., Robert Gordon Smith, McGuire Woods & Battle, Thomas E. Spahn, Richmond, Va., for defendants-appellees.

**1304**

## ON RECONSIDERATION BY THE COURT

Before HILL, Circuit Judge, and PECK * and GODBOLD, Senior Circuit Judges.

### PER CURIAM.

Since our opinion was handed down on January 21, 1985, 750 F.2d 1501, Dr. Louis Keith, whose trial testimony we considered and referred to as false and perjurious, has been indicted in the United States District Court for the Middle District of Florida on charges of perjury and obstruction of justice arising out of his trial testimony. A jury acquitted him on two perjury counts, and a mistrial was declared on the obstruction of justice count. Dr. Keith moved for judgment of acquittal on the obstruction of justice count on preclusion grounds, and the trial court granted his motion and entered a judgment of acquittal on that count. A determination of the relevance of these events, which emanated from the fact that the jury in the criminal case did not find that the defendant therein had been proven guilty beyond a reasonable doubt, should be first made by the trial court. We deem it appropriate that, in its consideration, the trial court be free of the references in our opinion to perjury and false testimony, and those references are VACATED. The proper characterization of Dr. Keith's testimony and the consequences thereof in this case are for the district court in the first instance.

The judgment of the district court is VACATED and the cause is REMANDED to the district court for such determination and for such other proceedings as may be considered appropriate. The motion of Dr. Louis G. Keith to intervene, and all other motions and petitions pending before this court, are DENIED.